**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**



KELVIN JAQUAN LEE,

    Petitioner

v.                                  Civil No. 3:16CV172

COMMONWEALTH OF VIRGINIA,

    Respondent.

### MEMORANDUM OPINION

Kelvin JaQuan Lee, a Virginia inmate proceeding pro se, submitted a 28 U.S.C. § 2241 petition. According to Petitioner, he is a pretrial detainee currently awaiting trial on criminal charges in the Circuit Court for Prince George County. (§ 2241 Pet. 3.) Petitioner indicates that he has not exhausted any of his available remedies because he "do[e]s not understand the charges nor did I enter into contract with the Commonwealth of Virginia or Riverside Regional Jail or Prince George County under the UCC 1-208/207 code involving this case." (Id. at 4.) Thus, the record fails to indicate that Lee had properly exhausted his state court remedies with respect to with respect to his claims. Accordingly, by Memorandum Order entered on April 28, 2016, the Court directed Lee to show cause within (11) days of the date of entry thereof why his § 2241 Petition should

not be dismissed for lack of exhaustion of his state court remedies. (ECF No. 2.) Lee has not responded.[1]

Accordingly, Lee's § 2254 Petition and the action will be dismissed without prejudice because he has failed to demonstrate that he has exhausted his available state remedies.

The Clerk is directed to send a copy of the Memorandum Opinion to Lee.

/s/    R E P

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 26, 2016

---

[1] Lee's mother submitted a letter and several documents and signed the document "Jenell Lee POA." (Letter 1, ECF No. 3.) Mrs. Lee cannot litigate this matter on Lee's behalf. Parties may plead and conduct their own cases personally or by counsel in all courts of the United States. See 28 U.S.C. § 1654. Individuals who are not licensed attorneys may not represent third parties because such representation constitutes the unauthorized practice of law. Rules of Supreme Court of Virginia, Pt. 6, § I; see DePonceau v. Pataki, 315 F. Supp. 2d 338, 341-42 (W.D.N.Y. 2004); Kone v. Wilson, 630 S.E.2d 744, 745-46 (Va. 2006). Accordingly, the Court will not recognize any alleged power of attorney to Jenell Lee. Moreover, the documents submitted by Ms. Lee have no bearing on whether Lee has exhausted his state remedies, but inexplicably appear to attempt to prove that Kelvin Lee is her property and debtor.

2